UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Alan R. Vaughn

                    Plaintiff,

   vs.

Richard Swatek; Curtis D. Foss;
VFW Quartermaster Myron
Choquette; Merchants Bank, N.A.;
Martha Grimes; Koochiching
County Attorney Jennifer
Hasbargen; Koochiching
County Court Administrator
Carol Clausen; Ninth Judicial
District Court Judge Charles H.
LeDuc; Ninth Judicial District
Court Judge Donald J. Aandal;
Ninth Judicial District Court
Judge Donna K. Dixon; and
Ninth Judicial District Court
Judge John P. Smith,

                    Defendants.      Civ. No. 05-152 (DWF/RLE)

                  \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Order of the District Court for the Plaintiff to Show Cause as to why he should not be sanctioned for his conduct in this action.[1]  See, Docket No. 129.  For reasons which follow, we recommend that sanctions be imposed on the Plaintiff, in the form of a Standing Order, which restricts his ability to file further actions in this District.[2]

II. Discussion

The Plaintiff commenced this action under Title 42 U.S.C. §1983, alleging that the "actions and failures" of the Defendants, during the conduct of a State Court action which he brought against the Defendants Richard Swatek ("Swatek"), Merchants

---

[1] A Hearing on the Order to Show Cause was set for February 9, 2006, at 11:00 o'clock a.m., before the undersigned, in Courtroom 3, United States Courthouse, 515 West First Street, Duluth, Minnesota.  However, the Plaintiff did not appear at the designated time and place, and therefore, no Hearing was conducted in the matter.

[2] The Plaintiff has filed a Notice of Appeal in this matter to the United States Court of Appeals for the Eighth Circuit.  While a Notice of Appeal will generally divest the District Court of jurisdiction, a Court may consider collateral issues, such as sanctions, while an appeal is pending.  See, Gundracker v. Unysis Corp., 151 F.2d 842, 848 (8th Cir. 1998), cert. denied 525 U.S. 1070 (1999); TRI, Inc. v. Boise Cascade Office Products, Inc., 2002 WL 31108190 at *1 n. 1 (D. Minn., September 20, 2002); cf., Willy v. Coastal Corp., 503 U.S. 131, 137 (1992).

Bank, NA, and Jennifer Hasbargen ("Hasbargen"), who is the Koochiching County Attorney, violated his right to procedural due process and equal protection, and constituted invidious gender discrimination. <u>Amended Complaint</u>, at ¶1. He also alleged that all of the named Defendants, with the exception of Merchants, engaged in a conspiracy against his rights, in violation of Title 18 U.S.C. §241. <u>Id.</u> at ¶5.

In our Report and Recommendation of December 7, 2005, we found that the Defendant had failed to raise genuine issues of material fact with respect to his claims against any of the named Defendants, and we recommended that the action be dismissed in its entirety. We also recommended that the multiple Motions by the Plaintiff to Appoint a Special Prosecutor; to Join Additional Defendants; to Remove his State Court action; and for Default Judgments against the Defendants Swatek and Curtis D. Foss, be denied, and that the Plaintiff be directed to show cause as to why he should not be sanctioned for his conduct in this action.

Our recommendation, that the Plaintiff be directed to show cause was predicated on our review of the Plaintiff's history of filing litigation in this District which, we found, demonstrated "the Plaintiff's insistence on burdening the Courts, as well as the opposing parties, with claims which have no basis in law or fact, and whose only purpose, as best as we can tell, is to harass those who the Plaintiff regards

as having impermissibly disagreed with him in some fashion." Report and Recommendation of December 7, 2005, at pp. 66-67. We also noted that the Plaintiff's pro se status did not absolve him of the strictures of Rule 11, Federal Rules of Civil Procedure, id., citing Carman v. Treat, 7 F.3d 1379, 1381 (8th Cir. 1993), and Britten v. Benson, 2002 WL 1558276 at *2 (D. Minn., July 12, 2002), citing, in turn, Burg v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984), and Ginter v. Southern, 611 F.2d 1226, 1227 n. 1 (8th Cir. 1979), and that, by affixing his signature to any Motion, pleading, or other paper, the Plaintiff had certified to the Court that the submission being made was nonfrivolous, and that the claims stated therein were not being presented for an improper purpose, such as to harass, or to cause unnecessary delay.

By Order dated January 19, 2006, the District Court, the Honorable Donovan W. Frank presiding, adopted our Report and Recommendation, and dismissed the Plaintiff's action, in its entirety. The District Court also denied each of the Plaintiff's multiple Motions, and directed the Plaintiff to show cause as to why he should not be sanctioned for his misconduct in this action. Subsequently, we issued a Notice of Hearing and Order to Show Cause, which directed the Plaintiff to appear at a Hearing, set for February 9, 2006, and to show cause as to why he should not be sanctioned. The Plaintiff did not appear at the scheduled time and place, but instead, filed two

written submissions in response to the Order to Show Cause. See, Docket Nos 132 and 144.

In the Plaintiff's first submission, which is entitled "Affidavit of Alan R. Vaughn to Show Cause," see, Docket No. 132, the Plaintiff asserts numerous legal errors in our Report and Recommendation, and in the Order of the District Court. Additionally, the Plaintiff makes the following assertion:

> The Court has failed to provide any evidence or failure of the Plaintiff to comply with local rule, FRCP or any other impropriety, including assertions of individual constitutional rights, whereby any sanction would be appropriate. The Court has refused to follow the precedented Supreme Court case law, which would provide the Plaintiff with procedural due process and equal protection. The Order to Show Cause with a threat of sanctions, is based upon the Plaintiff's assertion of individual constitutional rights and are additional violations of the Plaintiff's individual constitutional rights, of which the Courts have refused to acknowledge or provide for.

Affidavit of Alan R. Vaughn to Show Cause, at ¶11, Docket No. 132.

The remainder of the Plaintiff's Affidavit, as well as his second submission, which was entitled, "In Answer to Defense Reply Memorandum," see, Docket No. 144, merely advance the same arguments which were considered, and rejected, in our Report and Recommendation, and in the Order of the District Court.

Specifically, the Plaintiff challenges our findings of immunity, with respect to the Defendants Carol Clausen, who is the Koochiching County Clerk of Court, and Charles H. LeDuc, Donald J. Aandal, Donna K. Dixon, and John P. Smith, who are each Minnesota State District Court Judges; our determination that there is no private cause of action under Title 18 U.S.C. §241; our determination that the Plaintiff lacked standing to challenge the decision of Hasbargen not to prosecute the Defendants Swatek, and Curtis D. Foss; and our determination that the absence of a genuine issue of material fact requires Judgment as a matter of law, without the conduct of a Jury Trial.

Absent from the Plaintiff's submissions is any explanation for his advancement of legal positions which were clearly untenable. As we detailed in our Report and Recommendation of December 7, 2005, the Plaintiff's Complaint, as well as his various Motions, advance positions that he has argued in previous actions, and which have been unequivocally rejected by the District Court, as well as the United States Court of Appeals for the Eighth Circuit. See, <u>Vaughn v. City of North Branch</u>, 2001 WL 1640135 at * 9 (D. Minn., October 30, 2001)(Section 241 does not create a private cause of action), Motion to Vacate denied, 2003 WL 22145641 at *1 (D. Minn., September 15, 2003)("Vaughn II")(the appointment of a special prosecutor is

left to the discretion of the executive), aff'd, 103 Fed. Appx. 73, 2004 WL 1661980 (8th Cir., July 27, 2004)(same); Vaughn v. Anderson, Civ. No. 04-898, Report and Recommendation of March 10, 2004, at pp. 8-10 (JNE/RLE)(D. Minn. 2004) (Eleventh Amendment bars suit for damages against State Judicial Officers acting in their official capacities); Vaughn v. United States of America, Civ. No. 04-986, Report and Recommendation of March 9, 2004, at p. 7 (JNE/RLE)(D. Minn. 2004)(absolute judicial immunity extends to suits for money damages for acts taken by judicial officers in their judicial capacities). Instead, the Plaintiff's submissions continue to advance those very same positions.

Accordingly, the Plaintiff has failed to show cause as to why he should not be sanctioned. Instead, his persistence in advancing positions, which are plainly frivolous, clearly evinces his intent to abuse of the judicial process in the same way that he has previously accomplished, as was detailed in our Report and Recommendation of December 7. When a litigant demonstrates a penchant for commencing legal claims which have been rejected by Courts of competent jurisdiction, our Court of Appeals has not been hesitant to accept that sanctions are appropriate to deter the same future conduct. See, Kurkowski v. Volcker, 819 F.2d 201, 204 (8th Cir. 1987)("Rule 11 was adopted to spare innocent parties and

overburdened courts from the filing of frivolous lawsuits," and "[a]nother purpose is to deter plaintiffs from bringing actions that lack in factual or legal support."); Davison v. State of Arkansas, 989 F.2d 504, 1993 WL 48883 at *2 (8th Cir., February 26, 1993)[Table Decision]("The court's determination that sanctions could be imposed because [the plaintiff] had repeatedly filed suits against the same defendants alleging the same frivolous claims was not based on an erroneous view of the law."), citing Kurkowski v. Volcker, supra at 203-204; see also, Cycenas v. U.S. Bank, N.A., 2006 WL 145218 at *4 (D. Minn., January 18, 2006).

The burdens of vexatious filings, such as the Plaintiff's, have been repeatedly recognized by the United States Supreme Court, which has observed as follows:

> Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of petitioner's frivolous requests for extraordinary writs does not promote that end.

In re McDonald, 489 U.S. 180, 184 (1989); see, Day v. Day, 510 U.S. 1, 2 (1993); Martin v. District of Columbia Court of Appeals, 506 U.S. 1, 3 (1992).

Similarly, our Court of Appeals has also acknowledged the burdens that accompany multiplicitous and vexatious filings with the Court, and the need to protect opposing parties from malicious litigation practices, as follows:

The most apparent effect of excessive litigation is the imposition of unnecessary burdens on, and the useless consumption of, court resources. See, In re Martin-Trigona, 573 F. Supp. 1237, 1242 (D. Conn. 1983) * * * . As caseloads increase, courts have less time to devote to each case. A lack of adequate time for reflection threatens the quality of justice. See, Franklin v. Oregon, 563 F. Supp. 1310, 1319 (D. Or. 1983). Second, long delays in adjudication create public dissatisfaction and frustration with the courts. Such delays also result in the unfortunate continuation of wrongs and injustices while the cases that would correct them sit on court calendars. Third, abusive litigation results in prolonged, repetitive harassment of defendants causing frustration and often extraordinary and unreasonable expenditures of time and money defending against unfounded claims.

Defendants have a right to be free from harassing, abusive, and meritless litigation. See, Theriault v. Silber, 574 F.2d 197 (5th Cir. 1978). Federal courts have a clear obligation to exercise their authority to protect litigants from such behavior. Chatmon v. Churchill Trucking Co., 467 F. Supp. 79 (D. Mo. 1979). The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. Phillips v. Carey,

>638 F.2d 207, 209 (10th Cir. 1981). These restrictions may
>be directed to provide limitations or conditions on the filing
>of future suits. Id.

In re Tyler, 839 F.2d 1290, 1292-93 (8th Cir. 1988), quoting People of the State of Colorado v. Carter, 678 F. Supp. 1484, 1486 (D. Colo. 1986); see, Green v. White, 616 F.2d 1054, 1055-56 (8th Cir. 1980); In re INA Manufacturing Corp., 2002 WL 1740700 at *4 (D. Minn., July 26, 2002), aff'd, 660 Fed. Appx . 653 (8th Cir., April 10, 2003), cert. denied, sub nom. Hettler v. Stoebner, 540 U.S. 1011 (2003)

The potential for abuse of the judicial process, by litigants who are proceeding in forma pauperis ("IFP"), is heightened, as "paupers filing pro se petitions are not subject to the financial considerations--filing fees and attorney's fees--that deter other litigants from filing frivolous petitions." In re McDonald, supra at 184; see, People of the State of Colorado v. Carter, supra at 1492.

As a result, a pro se litigant, who repeatedly burdens the Court with frivolous and abusive litigation, may be restricted in his right to proceed IFP, and to commence legal proceedings. Id. at 180 (directing the Clerk of Court not to accept any further Petitions from a pro se IFP petitioner for extraordinary Writs unless the petitioner paid the filing fee, and made his submissions in the proper form); Whitaker v. Superior Court of California, San Francisco County, 514 U.S. 208-09 (1995)(same); Day v. Day, supra at 2 (same); In re Sindram, 498 U.S. 177, 180 (1991)(same); Cycenas v. U.S. Bank, N.A., supra at *5 (barring plaintiff from filing any lawsuits in the State or

Federal Courts of Minnesota, involving certain defendants and pieces of property, absent the signature of an attorney admitted to practice in the Federal Court, or prior leave of a Judicial Officer).

We recognize, however, that "such injunctions are extreme remedies that must be narrowly tailored and sparingly used." Mousel v. Knutson Mortgage Corp., 823 F. Supp. 658, 664 (D. Minn. 1993), citing Matter of Packer Avenue Associates, 884 F.2d 745, 747 (3rd Cir. 1989). Moreover, "it is inappropriate for this Court to sanction [the plaintiff] for actions filed in state court * * *; it is within the purview of those courts to impose whatever sanctions they deem necessary." Id. As such, the Court, in Mousel, declined to restrict a pro se litigant's ability to bring suit where the litigant did not make "multiple frivolous filings in this Court." Id.

However, unlike the circumstances in Mousel, the Plaintiff, here, has filed multiple actions within this District, and has been subjected to sanctions, in the past, for his insistence on filing Motions which were determined to have no basis in law or fact, and which only served "to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Vaughn II, supra at *2; see also, Vaughn v. City of North Branch, 2002 WL 4560 at *3 (Minn.App., January 2, 2002)("Because [Vaughn] knew or should have known that his claims lacked merit, the district court did not

abuse its discretion in imposing sanctions on appellant for bringing a claim not warranted by existing law or for the purpose of harassing respondents."), rev. denied (Minn., March 19, 2002). His conduct in the present litigation -- namely, the filing of numerous Motions that have no basis in law or fact, and the advancement of clearly untenable positions -- is similar to the conduct that the Plaintiff was sanctioned for in the past, and demonstrates that "this course of conduct will likely continue unless preventative measures are imposed." See, In re Tyler, supra at 1295. Indeed, by his response to our Order to Show Cause, the Plaintiff has unqualifiedly demonstrated his refusal to accede to the final Judgments, in his past cases, which attest to the vexatious, and wholly frivolous nature of his law suits. Apparently, the Plaintiff is deluded into believing that he can routinely file actions, which are solely intended to abuse the rights of others, in order to impose significant costs and expense, as acts of deliberate abuse.

Accordingly, given the burdens that the Plaintiff's history of vexatious litigation has imposed upon the Court, as well as upon the opposing parties, as well as the ineffectiveness of prior sanctions in dissuading the Plaintiff from prosecuting baseless causes of action, we find that the Plaintiff should now be restricted in his ability to file further legal proceedings in this Court. See, Sassower v. Carlson, 930 F.2d 583, 584

(8th Cir. 1991); see also, <u>Kolocotronis v. Morgan</u>, 247 F.3d 726, 728 (8th Cir. 2001); <u>In re Tyler</u>, supra at 1294 ("[T]here is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious."); <u>Tripati v. Beaman</u>, 878 F.2d 351, 352 (10th Cir. 1989). As have other Courts, which have imposed filing restrictions on <u>pro</u> <u>se</u> litigants, we note that the Plaintiff's "experience in filing lawsuits in federal and other courts has equipped him with at least some knowledge of the law * * *," but that, "[u]nfortunately, this experience has not taught him how to evaluate whether or not a * * * claim exists." See, <u>In re Tyler</u>, supra at 1293; see also, <u>People of the State of Colorado v. Carter</u>, supra at 1488. Instead, it is apparent, from the cases that the Plaintiff has prosecuted in this District, that the Plaintiff views such litigation as a tool of harassment, made affordable by the absence of any filing fee, any need to retain legal representation, and an intractable unwillingness to accept the rule of law.

Therefore, based on the foregoing, we recommend that a Standing Order be issued, which limits the Plaintiff's ability to file further actions in this Court. Such an Order should direct the Clerk of Court to refuse any future pleading, in which the Plaintiff proceeds <u>pro</u> <u>se</u>, unless the pleading has been verified by the Plaintiff, has been reviewed, and allowed, by a Judge of this Court, and has attached to it a copy of

the Standing Order. See, e.g., Green v. White, supra at 1055-56; Carter v. Telectron, 452 F. Supp. 944, 1003 (S.D. Tex. 1977); see also, Sassower v. Carlson, supra at 584. Further, should the Plaintiff seek leave to proceed IFP, the Standing Order should require the Plaintiff to submit financial information, including copies of his Federal tax returns for the three (3) years previous to the submission of the IFP Application.[3]

Lastly, we make plain that, by design, the provisions of the Standing Order will not impair, however slightly, the Plaintiff's ability to commence litigation that has a meritorious basis, but will effectively delimit his capacity to vexatiously punish those with whom he disagrees. Any less of a restriction would simply foster further abuse of the Court's processes.

NOW, THEREFORE, It is –

---

[3]While we have declined to reconsider our grant of the Plaintiff's IFP application, we note that there has been some showing, by the Defendant Richard Swatek, that the Plaintiff did not fully disclose his financial status, in his IFP Application, and it appears that the Plaintiff's pauper status has previously been revoked in the State Courts of Minnesota. See, Amended Complaint, at ¶11. Under such circumstances, we find that the submission of financial statements, inclusive of tax returns, will assist the Court in determining the Plaintiff's eligibility for pauper standing in any future proceeding. Cf., Cross v. General Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983), cert. denied, 466 U.S. 980 (1984)(District Court did not abuse its discretion in revoking a plaintiff's IFP status where a review of the plaintiff's tax returns revealed that he had made false statements in his application to proceed IFP).

RECOMMENDED:

That the Clerk of Court be directed to refuse any future cause of action, by the Plaintiff, unless the Complaint, or Petition, has been verified; has been reviewed, and approved, by a Judge of this Court; has attached to it a copy of the Standing Order as detailed in this Report; and, if <u>in forma pauperis</u> status is sought, then the Application for such standing must be accompanied by verified financial information, including copies of the Plaintiff's Federal Tax Returns for the three (3) calendar years previous to the Application for <u>in forma pauperis</u> standing.

Dated: March 22, 2006                              *s/Raymond L. Erickson*
                                                                           Raymond L. Erickson
                                                                           CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than April 7, 2006**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than April 7, 2006,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.